**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Deborah A McCaffrey**
    Debtor(s)

Bankruptcy Case No.: 19–70034–JAD
Issued Per 6/11/2020 Proceeding
Chapter: 13
Docket No.: 53 – 48
Concil. Conf.: June 11, 2020 at 11:30 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* *PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 25, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $683 as of 6–20. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jun. 11, 2020 at 11:30 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Claim No. 3 of Cambria County Tax Claim Bureau at statutory rate .

☐ H.    Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.        Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*    ***IT IS FURTHER ORDERED THAT:***

**A.**        After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**        Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**        Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**        Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**        The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**        In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.


Dated: June 16, 2020                                           Jeffery A. Deller
                                                              United States Bankruptcy Judge


cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 19-70034-JAD
Deborah A McCaffrey                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-7          User: msch              Page 1 of 2           Date Rcvd: Jun 17, 2020
                             Form ID: 149             Total Noticed: 18


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 19, 2020.
db            +Deborah A McCaffrey,    154 Derby Street,    Johnstown, PA 15905-4512
cr            +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
               Pittsburgh, PA 15233-1828
14983752      +Aaa Debt Rec,    Pob 129,    Monroeville, PA 15146-0129
14983753      +Cambria County Tax Claim Bureau,    Cambria County Courthouse,    200 South Center Street,
               Ebensburg, PA 15931-1962
15011248      +Carrington Mortgage Services, LLC,    1600 South Douglass Road,    Anaheim, CA 92806-5951
15004917       ECMC,   PO BOX 16408,    ST. PAUL, MN 55116-0408
14997793      +First National Bank of Pennsylvania,    c/o AAS Debt Recovery, Inc.,
               2526 Monroeville Blvd. Ste. 205,    Monroeville, PA 15146-2371
14983757      +First Premier Bank,    3820 N Louise Ave,    Sioux Falls, SD 57107-0145
14983758      +Michael J. Shavel, Esquire,    Hill Wallack, LLP,    777 Township Line Road, Suite 250,
               Yardley, PA 19067-5565


Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14983755      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 18 2020 04:46:06      Comenitybank/victoria,
               Po Box 182789,    Columbus, OH 43218-2789
14983756      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 18 2020 04:46:06      Comenitycb/dntfirst,
               Po Box 182120,    Columbus, OH 43218-2120
15006702       E-mail/PDF: resurgentbknotifications@resurgent.com Jun 18 2020 04:51:40      LVNV Funding, LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14983759      +E-mail/Text: bankruptcydpt@mcmcg.com Jun 18 2020 04:47:26      Midland Funding,
               2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
15027409       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 18 2020 04:52:28
               Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14989780       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 18 2020 04:46:48
               Pennsylvania Department of Revenue,    Bankruptcy Division P O Box 280946,
               Harrisburg PA  17128-0946
14983760      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 18 2020 04:52:23
               Portfolio Recov Assoc,    120 Corporate Blvd Ste 1,    Norfolk, VA 23502-4952
15021088       E-mail/Text: bnc-quantum@quantum3group.com Jun 18 2020 04:46:22
               Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA  98083-0788
15017207       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 18 2020 04:52:38      Verizon,
               by American InfoSource as agent,    PO Box 4457,    Houston, TX  77210-4457
                                                                                         TOTAL: 9


              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Wilmington Savings Fund Society, FSB, as trustee o
14983754     ##+Carrington Mortgage Se,    15 Enterprise St,    Aliso Viejo, CA 92656-2653
                                                                              TOTALS: 1, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.   The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 19, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 16, 2020 at the address(es) listed below:
              James   Warmbrodt    on behalf of Creditor   Wilmington Savings Fund Society, FSB, as trustee of
               Stanwich Mortgage Loan Trust A bkgroup@kmllawgroup.com
              Kenneth P. Seitz    on behalf of Debtor Deborah A McCaffrey thedebterasers@aol.com
              Office of the United States Trustee   ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour   cmecf@chapter13trusteewdpa.com

District/off: 0315-7          User: msch              Page 2 of 2              Date Rcvd: Jun 17, 2020
                             Form ID: 149             Total Noticed: 18


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                 TOTAL: 5